**UNITED STATES OF AMERICA,
Plaintiff—Appellee,**

v.

**Faith E. WARD, Defendant—Appellant.**

**No. 04–30145.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 18, 2005.

Mark A. Rosenbaum, AUSA, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary Jane Haden, FPDAK—Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Faith E. Ward appeals from the sentence imposed after her guilty plea to post office burglary, in violation of 18 U.S.C. § 2115. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ward contends that the district court plainly erred when it imposed, as a special condition of her supervised release, the requirement that she participate in "either or both inpatient or outpatient treatment programs" for substance abuse treatment,

because, according to Ward, the district court lacked authority under 18 U.S.C. § 3583(d) to impose participation in an inpatient program. We disagree.

Ward's contention is that because Section 3583(d) does not contain a cross-reference to 18 U.S.C. § 3563(b)(11), the subsection which permits a court to impose community confinement as a condition of probation, the district court lacked authority to impose that condition as part of her supervised release. This argument is foreclosed by our holding in *United States v. Bahe*, 201 F.3d 1124, 1125–26 (9th Cir. 1999) (rejecting contention that the absence of any reference to subsection (b)(11) in § 3583(d) signified Congress's intent to deny a district court the authority to impose confinement in a community corrections center or halfway house as a condition of supervised release, and concluding that this omission was the result of a clerical error).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.